# In the United States District Court
# For the Middle District of Tennessee

| | |
|---|---|
| **Pineda Transportation, LLC,**<br>**Pineda Investment Group, LLC,**<br>**Gulf Express, LLC,**<br><br>      Plaintiff;<br><br>v.<br><br>**FleetOne Factoring, LLC,**<br>**WEX Bank, and**<br>**Michael Strum**<br><br>      Defendants. | No. _____<br><br><br><br><br><br><br>**JURY DEMAND** |

---

## Complaint for Breach of Contract, Breach of the Implied Covenant of Good Faith and Fair Dealing, Breach of Fiduciary Duty, Conversion, Unjust Enrichment, RICO, Constructive Fraud, and Fraud

---

Plaintiffs Pineda Transportation, LLC, Pineda Investment Group , LLC, and Gulf Express, LLC, for its Complaint against FleetOne Factoring, LLC, WEX Bank, and Micheal Strum, states as follows:

## INTRODUCTION

This Complaint involves Pineda Transportation, LLC ("Pineda"), Pineda Investment Group, LLC ("Investment"), Gulf Express, LLC ("Gulf"), FleetOne Factoring, LLC ("FleetOne"), WEX Bank ("WEX"), and the Chief Financial Officer of FleetOne, Michael Strum ("Strum").

Plaintiff's contracted with FleetOne and WEX for them to "factor" Plaintiff's invoices. Factoring involves a company selling their invoices to a third-party, who immediately pays a percentage of the invoice (95% or greater) out to the business, and then invoices the business's customers and collects the funds.

The contract – attached as *Collective Exhibit A* – provides that FleetOne and WEX at their expense invoice and bill, in return for a 1.5% fee. Over the past twelve months, FleetOne and WEX failed to invoice any of Pineda's customers, and failed to invoice Investment and Gulf's customers to the point they went out to business. It was not until FleetOne and WEX began debiting Plaintiffs' operating accounts for "charge backs" that they discovered the problem. FleetOne and WEX charged, and still charge, 1.5% of the invoice without performing their obligations under the contract.

Based upon information and belief, FleetOne and WEX do and have been doing this with a large portion of their customer base. Even though FleetOne and WEX are not performing as contracted, they still collect their fees. Because FleetOne and WEX typically only do this approximately 30% of the time, Plaintiffs believe this is a scheme to

intentionally defraud customers and designed to operate in the exact manner it operates. If a customer attempts to collect the invoices themselves, FleetOne is due 30% of the face value of the invoice under the contract. If FleetOne and WEX fail to perform their end of the contract, they still collect 1.5% for doing absolutely nothing.

FleetOne and WEX's scheme to defraud resulted in companies being shut down, such as in Investment and Gulf, and, in Pineda's case, has come close to causing Pineda to be insolvent and unable to pay their obligations including fuel costs, employee salaries, and trade lines of credit. Moreover, it has damaged Pineda's long-standing reputation for being a solid, reliable transportation company. Contacting customers and requiring them to search through eight-month-old paperwork to determine the status of the account creates unnecessary expenses for Pineda's customers, which causes them to no longer do business with Pineda. It destroyed Investment and Gulf's reputation, as it closed their doors.

### JURISDICTION AND VENUE

1. This Court has jurisdiction under diversity and multiple statutes.

2. Pineda is a limited liability company duly organized under the laws of Texas. FleetOne and WEX are limited liability companies duly organized under the laws of Tennessee. The contract has a choice of forum provision that requires Pineda to pursue any claims against FleetOne or WEX in the State of Tennessee. *See Contract*, *Collective Exhibit A*, § 9.1.

3. Investment was a limited liability company duly organized under the laws of Texas. FleetOne and WEX are limited liability companies duly organized under the laws of Tennessee. The contract has a choice of forum provision that requires Investment

to pursue any claims against FleetOne or WEX in the State of Tennessee. *See Contract, Exhibit A*, § 9.1.

4. Gulf was a limited liability company duly organized under the laws of Texas. FleetOne and WEX are limited liability companies duly organized under the laws of Tennessee. The contract has a choice of forum provision that requires Pineda to pursue any claims against FleetOne or WEX in the State of Tennessee. *See Contract, Exhibit A*, § 9.1.

5. The amount in controversy exceeds $75,000.00, exclusive of interest and costs, and Plaintiffs and Defendants are completely diverse. *See* 28 U.S.C. § 1332(a).

6. Plaintiffs suit also raises a federal question of fraud under 18 U.S.C. §§ 1341 and 1343. Thus, this Court also has jurisdiction under 28 U.S.C. § 1331.

7. This Court also has jurisdiction over this action under 18 U.S.C. § 1964.

8. Venue is proper in this Court under 28 U.S.C. § 1391 and 18 U.S.C. § 1965 because FleetOne and WEX Bank are subject to personal jurisdiction in this judicial district and reside in and conduct business in this district. Moreover, the Contract itself requires venue to be in this Court. *See Contract*, § 9.1.

## THE PARTIES

9. Pineda Transportation, LLC is a limited liability company duly organized under the laws of the State of Texas, with a principle place of business at 4295 Martinal Road, Brownsville, Texas 78526.

10. Pindea Investment Group, LLC[1] was a limited liability company duly organized under the laws of the State of Texas, they have been shut down due to Defendant's

---

[1] Pineda Investment Group, LLC was owned by Christian Pineda, the son of Guadalupe Pineda, who owns Pineda Transportation, LLC.

Pineda Transportation, LLC, *et. al.* v. FleetOne Factoring, LLC, WEX Bank, and Michael Strum

actions, and no longer have a principle place of business, but service can be accepted by their attorneys, Tennyson & Wiggington, PLLC, at 611 Commerce Street, Suite 2609, Nashville, TN 37203.

11. Gulf Express, LLC was a limited liability company duly organized under the laws of the State of Texas, they have been shut down due to Defendant's actions, and no longer have a principle place of business, but service can be accepted by their attorneys, Tennyson & Wiggington, PLLC, at 611 Commerce Street, Suite 2609, Nashville, TN 37203.

12. FleetOne Factoring, LLC is a limited liability company duly organized under the laws of the State of Tennessee, with a principle place of business at 613 Bakertown Rd., Antioch, Tennessee 37013.

13. WEX Bank is a corporation duly organized under the laws of the State of Utah, with a principle place of business at 7090 South Union Park Avenue, Suite 350, Midvale, Utah 84047. WEX Bank is a registered foreign corporation in the State of Tennessee, operating at 613 Bakertown Rd., Antioch, Tennessee 37013.

14. Michael Strum is the Chief Credit Officer of FleetOne, and is employed by and associates with the enterprises known as FleetOne and WEX.

## GENERAL ALLEGATIONS

15. Pineda Transportation, LLC is a limited liability company duly organized under the laws of the State of Texas.

16. Pineda Investment Group, LLC was a limited liability company duly organized under the laws of the State of Texas.

17. Gulf Express, LLC was a limited liability company duly organized under the laws of the State of Texas.

18. FleetOne Factoring, LLC is a limited liability company duly organized under the laws of the State of Tennessee.

19. WEX Bank is a "C" corporation duly organized under the laws of the State of Utah, doing business in the State of Tennessee as Fleet Fuel.

20. FleetOne is an enterprise entity capable of holding a legal or beneficial interest in property, and thus a "culpable person," who conducts business in interstate commerce.

21. WEX Bank is an enterprise entity capable of holding a legal or beneficial interest in property, and thus a "culpable person," who conducts business in interstate commerce.

**Pineda Transportation, LLC**

22. On December 31, 2015, Pineda, FleetOne, and WEX duly executed a contract for FleetOne and WEX to purchase the accounts receivable invoices from Pineda.

    a. In Tennessee, good-faith and fair dealing is automatically incorporated into every contract, whether explicitly stated or not.

23. Under the original contract, FleetOne and WEX were required to pay Pineda 95% of the face value of the invoices upon receipt of the invoice, and collect 1.5% for FleetOne and WEX's service fee, place the remaining amounts in a reserve account, which would be paid out when the invoice was received.

24. FleetOne and WEX agreed to invoice the customers, collect the payments, and bear the costs.

25. The contract was later amended allowing Pineda to receive 98.5% of the face value of the invoice up front, and the remaining amount would cover FleetOne and WEX's service fee.

26. FleetOne and WEX damaged Pineda's reputation and image as a solid, reliable transportation company.

   a. When FleetOne and WEX accused Pineda's clients of not paying their invoices, requiring time and energy to determine what was occurring, it harmed the reputation and image Pineda built over the years.

27. As a direct, proximate, and foreseeable result of FleetOne and WEX's conduct, Pineda incurred and will incur damages in an amount to be determined at trial, but well in excess of the jurisdictional minimum of this Court.

**Pineda Investment Group, LLC**

28. On December 3, 2013, Investment, FleetOne, and WEX duly executed a contract for FleetOne and WEX to purchase the accounts receivable invoices from Pineda.

   a. In Tennessee, good-faith and fair dealing is automatically incorporated into every contract, whether explicitly stated or not.

29. Under the original contract, FleetOne and WEX were required to pay Investment 90% of the face value of the invoices upon receipt of the invoice, and collect 1.5% for FleetOne and WEX's service fee, place the remaining amounts in a reserve account, which would be paid out when the invoice was received.

   a. The contract was amended several times, ultimately ending with an Advance Rate of 98.5% of the face value, and 1.5% collection fees for FleetOne and WEX.

Pineda Transportation, LLC, *et. al.* v. FleetOne Factoring, LLC, WEX Bank, and Michael Strum

30. FleetOne and WEX agreed to invoice the customers, collect the payments, and bear the costs.

31. FleetOne and WEX damaged Investment's reputation and image as a solid, reliable transportation company.

   a. When FleetOne and WEX accused Investment's clients of not paying their invoices, requiring time and energy to determine what was occurring, it harmed the reputation and image Investment built over the years.

   b. FleetOne and WEX's actions caused Investment to shutter its doors, and close the business.

32. As a direct, proximate, and foreseeable result of FleetOne and WEX's conduct, Investment incurred and will incur damages in an amount to be determined at trial, but well in excess of the jurisdictional minimum of this Court.


**Gulf Express, LLC**

33. On May 18, 2015, Gulf, FleetOne, and WEX duly executed a contract for FleetOne and WEX to purchase the accounts receivable invoices from Pineda.

   a. In Tennessee, good-faith and fair dealing is automatically incorporated into every contract, whether explicitly stated or not.

34. Under the original contract, FleetOne and WEX were required to pay Gulf 95% of the face value of the invoices upon receipt of the invoice, and collect 1.5% for FleetOne and WEX's service fee, place the remaining amounts in a reserve account, which would be paid out when the invoice is received.

35. FleetOne and WEX agreed to invoice the customers, collect the payments, and bear the costs.

36. FleetOne and WEX damaged Gulf's reputation and image as a solid, reliable transportation company.

    a.  When FleetOne and WEX accused Gulf's clients of not paying their invoices, requiring time and energy to determine what was occurring, it harms the reputation and image Gulf has built over the years.

    b.  FleetOne and WEX's actions have caused Gulf to shutter its doors, and close the business.

37. As a direct, proximate, and foreseeable result of FleetOne and WEX's conduct, Gulf incurred and will incur damages in an amount to be determined at trial, but well in excess of the jurisdictional minimum of this Court.

## DECLARATORY RELIEF AS TO ALL PARTIES

38. Plaintiffs reallege and incorporate by reference the allegations set forth in paragraphs 1-37 of this Complaint as though fully set forth herein.

39. Plaintiffs are informed and believe, and thereby allege, that an actual controversy has arisen and now exists between Pineda, Investment, Gulf, FleetOne, and WEX regarding their respective rights and duties under their Contracts.

40. Plaintiffs seek a judicial determination of their rights and duties. Specifically, Pineda seeks an Order from the Court declaring that FleetOne and WEX Bank are required to invoice customers' bills submitted by Plaintiffs for payment, and that their failure to do so violates the specific terms of the contract between them.

## CAUSES OF ACTION

Pineda Transportation, LLC, *et. al.* v. FleetOne Factoring, LLC, WEX Bank, and Michael Strum

*Pineda Transportation, LLC*

## Count 1. Breach of Contract.

41. Plaintiffs reallege and incorporate by reference the allegations set forth in paragraphs 1-40 of this Complaint as though fully set forth herein.

42. In August 2017, FleetOne and WEX began deducting monies, claiming that Pineda's customers failed to pay the invoices.

43. After contacting the customers, Pineda discovered their customers had never been invoiced, and FleetOne and WEX had not invoiced any of Pineda's customers for close to twelve months.

44. Pineda spent several weeks attempting to contact Michael Sturm, who oversaw the financial operations of FleetOne and WEX.

45. Eventually, Pineda spoke with Sturm.

46. Pineda requested copies of the invoices sent to their customers.

    a. Sturm admitted that invoices had not been sent and told Guadalupe "Vicky" Pineda ("Ms. Pineda") that FleetOne had been understaffed and that they were trying to "clean up the mess" within the office.

    b. Sturm informed Ms. Pineda that no more deductions would occur.

    c. Strum continued to deduct Pineda's account and charge fees.

    d. This allowed FleetOne and WEX to reinvest the monies received from their fraud into their enterprises.

47. FleetOne and WEX failed to invoice Pineda's customers, and after the invoice aged to a certain point – it varied with each invoice – they would then deduct that amount from either the reserve account, or directly from Pineda's operating account.

48. FleetOne and WEX have a contractual duty to invoice Pineda's customers.

49. When FleetOne and WEX failed to invoice Pineda's customers, they breached the contract.

50. These deductions totaled more than $59,000.00.

51. As a direct, proximate, and foreseeable result of FleetOne and WEX's conduct, Pineda incurred and will incur damages in an amount to be determined at trial, but well in excess of the jurisdictional minimum of this Court.

*Pineda Transportation, LLC*

**Count 2. Unjust Enrichment.**

52. Plaintiffs reallege and incorporate by reference the allegations set forth in paragraphs 1-51 of this Complaint as though fully set forth herein.

53. Even though FleetOne and WEX were not invoicing Pineda's customers when they deducted the aged invoices from Pineda's reserve or operating accounts, they still retained their 1.5% servicing fee.

54. These fees, so far, have totaled more than $4,000.00 during this period.

55. Even though FleetOne and WEX knew that they did perform under the contract, they still unjustly enriched themselves by collecting their fee.

56. In addition to failing to perform under the contract, FleetOne and WEX also unjustly withheld funds that were paid to them by customers of Pineda which should have been credited to Pineda's account, but were not.

57. More than $19,000.00 has been sent to FleetOne and WEX for crediting to Pineda's account that they have either not credited, or credited to other accounts held with FleetOne and WEX.

58. FleetOne and WEX have offered no explanation to Pineda, despite multiple e-mails and over 100 phone calls.

59. FleetOne and WEX have unjustly enriched themselves by more than $23,000.00.

60. As a direct, proximate, and foreseeable result of FleetOne and WEX's conduct, Pineda incurred and will incur damages in an amount to be determined at trial, but well in excess of the jurisdictional minimum of this Court.

*Pineda Transportation, LLC*

## Count 3. Fraud.

61. Plaintiffs reallege and incorporate by reference the allegations set forth in paragraphs 1-60 of this Complaint as though fully set forth herein.

62. Pineda is not the only company that FleetOne and WEX committed these same acts against.

63. Upon information and belief, FleetOne and WEX devised a scheme to defraud their customers by intentionally not billing on the invoices they factor.

    a. The contract incentivizes FleetOne and WEX to not bill Pineda's customers.

    b. If FleetOne and WEX do not bill on the invoices, they still collect their 1.5%.

    c. If Plaintiffs bills their customers directly, FleetOne and WEX collects 30% of the face-value of the invoice from their client for intentionally "misdirecting" the payment.

    d. FleetOne and WEX profit, whether or not they perform under the contract.

64. Plaintiffs allege, upon information and belief, that FleetOne and WEX's scheme to defraud is intentional.

65. Despite knowing that they are not invoicing the customers of their clients, FleetOne and WEX still collect fees for services they know they did not perform and received and retained an unmerited benefit.

66. Upon information and belief, Plaintiffs allege FleetOne and WEX's business model – at least for factoring – derives its income from the 1.5% collected from the face value of the invoices.

67. FleetOne and WEX still collect their fee, because they directly debit the operating or reserve accounts associated with their client.

68. The authority for FleetOne and WEX to debit *any* account owed by the client is irrevocably authorized in the Contract itself. *See Contract* § 6.1(e).

    a. Even if the client closed their operating account because of FleetOne and WEX's intentional breach pursuant to their scheme to defraud, FleetOne and WEX must only discover the location of the new account to debit their fees.

69. Even though FleetOne and WEX are intentionally not upholding their end of the contract, they still operate as their business model intends.

70. If FleetOne and WEX failed to bill *all* invoices to every customer, they would be out of business because all of their customers would fail.

71. Instead, and evidencing a scheme to defraud, *FleetOne and WEX only fail to bill and collect on invoices around 30% of the time.*

72. Prior to FleetOne and WEX going almost twelve months without billing any of Pineda's customers, FleetOne and WEX only failed to bill around 30% of the time.

73. The scheme devised by FleetOne and WEX allows them to "string along" clients, giving them the false comfort that failing to bill is only occasional.

    a. This extends the longevity of the scheme.

74. FleetOne and WEX intentionally fail to bill their clients' customers, knowing that they still collect their 1.5%, and if the client attempts to collect on the invoices themselves, then FleetOne and WEX can charge their clients 30% of the invoice.

75. These actions violate 18 U.S.C. §§ 1341 and 1343, because FleetOne and WEX knowingly and intentionally devised a scheme to defraud their clients by falsely promising to perform their contractual duty to invoice the customers of their clients, knowing that they did not intend to fulfill that duty in every case, and employed the mail and wire to accomplish their objectives.

76. As a direct, proximate, and foreseeable result of FleetOne and WEX's conduct, Pineda has incurred and will incur damages in an amount to be determined at trial, but well in excess of the jurisdictional minimum of this Court.

### *Pineda Transportation, LLC*
### Count 4. Constructive Fraud.

77. Plaintiffs reallege and incorporate by reference the allegations set forth in paragraphs 1-76 of this Complaint as though fully set forth herein.

78. Alternatively, if FleetOne, WEX, and Strum did not act with an *intention* to defraud Pineda, they did so constructively.

79. FleetOne and WEX have a practice of charging fees for services they never perform.

80. Whether by design or practice, FleetOne and WEX's actions are fraudulent.

81. FleetOne and WEX received and obtained an unmerited benefit in their service fees.

82. As a direct, proximate, and foreseeable result of FleetOne and WEX's conduct, Pineda incurred and will incur damages in an amount to be determined at trial, but in excess of the jurisdictional minimum of this Court.

*Pineda Transportation, LLC*

## Count 5. Breach of Fiduciary Duty.

83. Plaintiffs reallege and incorporate by reference the allegations set forth in paragraphs 1-82 of this Complaint as though fully set forth herein.

84. FleetOne and WEX owe a fiduciary duty to collect monies due Pineda and to turn those monies over as they are due.

85. Withholding monies that have been paid out to them, FleetOne and WEX breached this duty.

86. Failing to invoice Pineda's customers and then charging their fee violated the faith and confidence Pineda placed in FleetOne and WEX.

87. FleetOne and WEX wholly breached this duty.

88. As a direct, proximate, and foreseeable result of FleetOne and WEX's conduct, Pineda incurred and will incur damages in an amount to be determined at trial, but well in excess of the jurisdictional minimum of this Court.

*Pineda Transportation, LLC*

## Count 6. Conversion.

89. Plaintiffs reallege and incorporate by reference the allegations set forth in paragraphs 1-88 of this Complaint as though fully set forth herein.

90. FleetOne and WEX converted Pineda's money to their own, despite the fiduciary duty existing between them.

91. FleetOne and WEX retained and still retain payments belonging to Pineda, and converted those payments to their own, for their own benefit.

92. FleetOne and WEX charged a fee for services they knowingly failed to perform, and converted those assets of Pineda's to their own, and for their own use and benefit.

93. As a direct, proximate, and foreseeable result of FleetOne and WEX's conduct, Pineda incurred and will incur damages in an amount to be determined at trial, but well in excess of the jurisdictional minimum of this Court.

*Pineda Transportation, LLC*
*Pineda Investment Group, LLC*
*Gulf Express, LLC*

## Count 7. RICO Violation.

94. Plaintiffs reallege and incorporate herein by reference each allegation contained in paragraphs 1-93 of this Complaint as though full set forth herein.

95. FleetOne is an enterprise engaged in and whose activities affect interstate commerce.

96. WEX Bank is an enterprise engaged in and whose activities affect interstate commerce.

97. FleetOne, WEX Bank, and Strum agreed to, conducted, and participated in the conduct of the enterprise's affairs through a pattern of racketeering activity and for the unlawful purpose of intentionally defrauding Plaintiffs. Specially, FleetOne, WEX Bank, and Strum conduct their business in a manner that consists of wire fraud. The Defendants knowingly failed to fulfill their fiduciary duties, and then charge their customers knowing they violated their duties.

98. Pursuant to and in furtherance of their fraudulent scheme, FleetOne, WEX Bank, and Strum committed multiple related acts of wire and mail fraud.

99. The multiple acts of wire fraud constitute a pattern of racketeering activity under 18 U.S.C. § 1961(5).

 a. On December 31, 2015, FleetOne and WEX Bank sent via wire and/or mail a contract to establish a legal relationship with Pineda, requiring Pineda to use *only* FleetOne and WEX Bank as their exclusive factoring company, and requiring FleetOne and WEX Bank to handle billing of Pineda's customers on the invoices they factor.

 b. The contract also required FleetOne and WEX to credit Pineda's account for monies received by them, even if the factoring service was not used.

  i. This contractual obligation of FleetOne and WEX created a fiduciary duty between the parties.

 c. On November 2, 2016, Arrow mailed a check to FleetOne and WEX in the amount of $2,925.00 for invoice number 1295, and this money was never credited to Pineda's account and converted by FleetOne and WEX for their own use and benefit to reinvest into their enterprise, thus breaching the fiduciary duty between the parties.

 d. On January 1, 2016, Total Quality Logistics mailed a check for $1,600 to FleetOne and WEX Bank, and this money was never credited to Pineda's account and converted by FleetOne and WEX for their own use and benefit to reinvest into their enterprise, thus breaching the fiduciary duty between the parties.

 e. On January 30, 2017, Burtchell Transport mailed $4,032.00 toward invoice number 1201, paying with check number 26022 to FleetOne and WEX Bank,

Pineda Transportation, LLC, *et. al.* v. FleetOne Factoring, LLC, WEX Bank, and Michael Strum

$2,210.00 of this check was never credited to Pineda's account, thus breaching the fiduciary duty between the parties.

f.  On Setepmber 7, 2017, Burtchell Transport mailed check number 28163 to FleetOne and WEX in the amount of $630.00, and this money was never credited to Pineda's account, and was converted by FleetOne and WEX for their own use and benefit to reinvest into their enterprise, thus breaching the fiduciary duty between the parties.

g.  On February 21, 2017, Integrity Logistics mailed a check for $3,550.00 to pay invoice number 4264 to FleetOne and WEX, and this money was never credited to Pineda's account and converted by FleetOne and WEX for their own use and benefit to reinvest into their enterprise, thus breaching the fiduciary duty between the parties.

h.  On February 23, 2017, Marten Transport mailed check number 46912 to FleetOne and WEX towards invoice number 1200, and this money was never credited to Pineda's account and converted by FleetOne and WEX for their own use and benefit to reinvest into their enterprise, thus breaching the fiduciary duty between the parties.

i.  On March 28, 2017, Unlimited Logistics/C&A Brokerage mailed a check for $1,100.00 for invoice number 1406 to FleetOne and WEX, and this money was never credited to Pineda's account and converted by FleetOne and WEX for their own use and benefit to reinvest into their enterprise, thus breaching the fiduciary duty between the parties.

j.  On March 27, 2017, Total Quality Logistics mailed a check for $1,665.00 to FleetOne and WEX for invoice number 1132, and this money was never

credited to Pineda's account, and was converted by FleetOne and WEX for their own use and benefit to reinvest into their enterprise, thus breaching the fiduciary duty between the parties.

k. On July 11, 2017, Coyote Logistic mailed a check for $1,350.00 for invoice 1332 to FleetOne and WEX, and this money was never credited to Pineda's account, and was converted by FleetOne and WEX for their own use and benefit to reinvest into their enterprise, thus breaching the fiduciary duty between the parties.

l. On September 1, 2017, Scot Logistic mailed a check for $1,300.00 to FleetOne and WEX, and this money was never credited to Pineda's account and was converted by FleetOne and WEX for their own use and benefit to reinvest into their enterprise, thus breaching the fiduciary duty between the parties.

m. On May 1, 2017, Scott Logistic mailed a check for $1,800.00 to FleetOne and WEX, and this money was never credited to Pineda's account and was converted by FleetOne and WEX for their own use and benefit to reinvest into their enterprise, thus breaching the fiduciary duty between the parties.

n. These conversions do not represent all the conversions committed by FleetOne and WEX for their own use and benefit to reinvest into their enterprise, but comprise a long enough span and frequent enough occurrence to demonstrate a "pattern" of their racketeering activity.

o. The discovery process will produce more instances of conversion by FleetOne and WEX, and Pineda will amend the complaint accordingly.

Pineda Transportation, LLC, *et. al.* v. FleetOne Factoring, LLC, WEX Bank, and Michael Strum

100.    As to the Factoring, the contract requires FleetOne and WEX to bill the invoices to Pineda's customers that they factor. This handling of money also creates a fiduciary duty between the parties.

   a. FleetOne and WEX have charged back over $19,000.00 to Pineda for invoices that they never bothered to invoice.

   b. On May 9, 2016, FleetOne and WEX used a bank wire to debit the operating account of Pineda for $2,047.50 for invoice number 1054 to Pepsi Co.

   c. On April 7, 2016, FleetOne and WEX used a bank wire to debit the operating account of Pineda for $3,800.00 for invoice number 1057 to Paterson

   d. On May 5, 2016, FleetOne and WEX used a bank wire to debit the operating account of Pineda for $100.00 for invoice number 1071 to A&Z.

   e. On June 15, 2016, FleetOne and WEX used a bank wire to debit the operating account of Pineda for $1,358.00 for invoice number 1067 to Triple.

   f. On April 14, 2017, FleetOne and WEX used a bank wire to debit the operating account of Pineda for $1,700.00 for invoice number 1299 to Coyote.

   g. On June 7, 2017, FleetOne and WEX used a bank wire to debit the operating account of Pineda for $1,295.00 for invoice number 1323 to A&Z.

   h. On June 29, 2017, FleetOne and WEX used a bank wire to debit the operating account of Pineda for $1,200.00 for invoice number 1194 to Cherin.

   i. FleetOne and WEX would charge back these amounts, yet still retain their percentages for "factoring" these invoices, even though they breached their contractual and fiduciary duties to invoice Pineda's customers.

   j. Much like the conversion listings, these are representative of the timespan and frequency FleetOne and WEX committed these acts, demonstrating a

Pineda Transportation, LLC, *et. al.* v. FleetOne Factoring, LLC, WEX Bank, and Michael Strum

pattern of racketeering activity. But, these do not comprise all acts, even towards Pineda, and discovery will produce many more instances and Pineda will amend the complaint accordingly.

101.    The Defendants' actions caused Pineda Investment Group, LLC to go out of business.

   a.  The Defendants would wrongfully charge back accounts that they failed to bill on to the point Investment was unable to pay its drivers, insurance, and other expenses.

   b.  More specifics will be available following discovery.

102.    The Defendants' actions caused Gulf Express, LLC to go out of business.

   a.  The Defendants would wrongfully charge back accounts that they failed to bill on to the point Gulf was unable to pay its drivers, insurance, and other expenses.

   b.  More specifics will be available following discovery.

103.    The Defendants have directly and indirectly conducted and participated in the conduct of the enterprise's affairs through the pattern of racketeering and activity described above, in violation of 18 U.S.C. § 1962(c).

104.    As a direct and proximate result of the Defendants' racketeering activities and violations of 18 U.S.C. § 1962(c), Pineda has been injured in their business and property in that: Pineda has lost more than $75,000 by the Defendant's actions that constitute wire fraud. The Defendants used their scheme to defraud Pineda out of more than $25,000 of direct monies, and caused Pineda to lose more than $54,000 in invoiced money.

a. While engaging in their racketeering activities and scheme to defraud, the Defendants kept charging Pineda money, despite knowing that they have breached their fiduciary duty.

b. And they used this money to reinvest into their enterprise.

## TEMPORARY INJUNCTION

105.    Plaintiffs reallege and incorporate herein by reference each allegation contained in paragraphs 1-86 of this Complaint as though fully set forth herein.

106.    Pineda, and only Pineda, requests a very narrow Temporary Injunction pending the outcome of this suit:

a. Enjoin the Defendants from charging back any transaction that FleetOne and WEX have not invoiced on;

b. Enjoin the Defendants from collecting any penalties or fees on any transaction that FleetOne and WEX have not invoiced on;

c. Enjoin the Defendants from charging Pineda a 30% fee or penalty on any transaction that she collects on that FleetOne and WEX have not invoiced on; and,

d. Enjoin the Defendants from collecting payments and not crediting them to Pineda's operating account, as they have been doing in violation of the fiduciary duty.

107.    This narrow request maintains the *status quo*, and prohibits FleetOne and WEX from benefiting for their breach of contract. If they perform per the terms of the contract, then Pineda shall perform per the terms of the contract, or be penalized. It does not maintain the *status quo* to allow FleetOne and WEX to collect

fees and assess penalties on those transactions that they are wholly failing to perform their contractual duties.

## JURY DEMAND

108.     Plaintiffs demand a trial by jury on any issue so triable.

## PRAYER

WHEREFORE, Plaintiffs pray for judgment against FleetOne, WEX Bank, and Strum, joint and severally, as follows:

1. Declaratory Relief regarding the respective rights and duties under the Contract between the parties;

2. General and compensatory damages, according to proof, but in an amount not less than the jurisdictional minimum of this Court;

3. Special and consequential damages according to proof;

4. Exemplary and punitive damages;

5. Treble damages;

6. Interest on said sums at the maximum legal rate;

7. That a Temporary Injunction issue in regards to Pineda to maintain the *status quo* of the parties and to prohibit Defendants from committing further fraud;

8. For attorneys' fees and costs; and,

9. Any further legal or equitable relief this Court deems appropriate.

Respectfully Submitted,

John Tennyson (Tenn. BPR#: 32777)

Tennyson & Wiggington PLLC
611 Commerce Street, Suite 2609
Nashville, Tennessee 37203
(615) 506-3108
jtennyson@nashville-law.com

*Attorney for Plaintiffs*

Pineda Transportation, LLC, *et. al.* v. FleetOne Factoring, LLC, WEX Bank, and Michael Strum