IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| Pineda Transportation, LLC, and Pineda Investment Group, LLC, ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | Civil No. 3:18-CV-00089 Judge Trauger |
| FleetOne Factoring, LLC, and WEX Bank, ) ) ) | |
| Defendants. ) | |

**DEFENDANTS' MOTION TO STRIKE SUPPLEMENTAL DECLARATION OF VICKY PINEDA (DOC. 82) AND REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' SUPPLEMENTAL MOTION FOR SUMMARY JUDGMENT**

**I.   Introduction**

After seeking an extension of its response date (via a motion filed after the applicable deadline), Plaintiffs filed a three-page Response to Defendants' Supplemental Motion for Summary Judgment on Friday, August 9, 2019 (Doc. 81). The following day--*after* the expiration of the extended response deadline and without any motion--Plaintiffs filed a three-page "Supplemental Declaration of Vick [sic] Pineda in Support of Plaintiffs' Response to Defendants' Motion for Summary Judgment" (Doc. 82). Because that Supplemental Declaration came too late, and is otherwise not in compliance with Rule 56 and the Local Rules, Defendants move to strike it. In addition, Defendants submit this memorandum in reply to Plaintiffs' Response of August 9, 2019.

The original summary judgment deadline set by the Court was May 15, 2019 (Doc. 53 54). Defendants' filed their original motion for summary judgment (Doc. 59-61) on that date. In a Memorandum and Order of June 24, 2019 (Doc. 69, 70), the Court granted summary judgment

1

as to all disputed invoices addressed in the declaration of Terra Dolby (Doc. 70, PageID #: 714). Because the Second Pineda Declaration arguably vouched for a few additional disputed invoices described in the original complaint, the Court extended the summary judgment deadline to July 22, 2019 "as to the surviving claims."[1] This was also a sanction for Plaintiffs' ongoing failure to comply with discovery obligations. Plaintiffs served unsworn (and thus incomplete) interrogatory responses on June 5, 2019 (Doc. 76). Defendants filed their Supplemental Motion for Summary Judgment on July 22, 2019, which was addressed to "the surviving claims" remaining in the case after the June 24 Order--that is, those thirteen disputed invoices found in the original complaint not yet addressed by the first Dolby report and declaration.

Although Plaintiffs' response on these thirteen specific invoices was due on Monday, August 5, they filed no response on that date. Rather, on August 6, they moved for an extension to Friday, August 9, 2019. Defendants did not oppose that request and the Court granted it (Doc. 80). Yet, on Friday, August 9, 2019, Plaintiffs filed only a three-page brief, in which they ***admitted*** all the facts set out by Defendants in their original (Doc. 61) and supplemental (Doc. 74) statement of undisputed material facts (Doc. 81, PageID #: 951). Since those two statements addressed each and every invoice identified by Plaintiffs in the original complaint, the Second Pineda Declaration, and the Amended Complaint, along with the entirety of Plaintiffs' account history, this admission should have brought the case to a well-deserved end. Notwithstanding this decisive admission under Local Rule LR56.01, however, Plaintiffs continued to echo the conclusory allegations of their pleadings, which they have now admitted on multiple occasions are inaccurate.

---

[1] Due to Plaintiffs' delay in making disclosures and answering discovery, the unsworn and disorganized responses received on August 8, 2019, and the substantial expenses already incurred due to Plaintiffs' tactics, Defendants elected not to depose Plaintiffs prior to renewing their motion to address the few remaining invoices.

In addition, last Friday's brief promised, "The Plaintiffs will provide evidence beyond the pleadings setting forth specific facts showing that there is a genuine issue for trial in their forthcoming filings. . . . Ms. Pineda is filing an additional declaration with this Court on August 10, 2019, which counsel for the Defendants [sic] anticipates will contain allegations sufficient to show genuine issues of material fact" (Doc. 81, PageID # 952). The following day, Saturday, August 10, 2019, without motion or explanation, Plaintiffs filed an additional declaration of Vicky Pineda, which contained legal conclusions, hearsay, and identified a single new disputed invoice, never before mentioned by Plaintiffs in any filing with the Court, any disclosure, or any discovery response. As explained in detail below, that declaration should be stricken or disregarded. Even if not stricken, that August 10 declaration is insufficient to defeat the pending supplemental motion for summary judgment.

## II. Reply Argument

### A. Plaintiffs Failed to Properly Move for an Extension of Time

Rule 16 of the Federal Rules of Civil Procedure requires good cause for changes in deadlines set in scheduling or other court orders, while Rule 6(b) requires that any extension sought after a deadline must be made by motion and will be granted only "if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B); 16(b)(4). Excusable neglect may encompass a broad range of situations, such as "inadvertence, mistake, or carelessness, as well as intervening circumstances beyond the party's control." *Sawyer v. Memphis Educ. Assoc.*, No. 2:12-cv-2576-SHL-cgc, 2014 WL 12531099, at *2 (W.D. Tenn. July 7, 2014) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993)). Where a party fails to offer a reason for the delay, or even acknowledge that its papers were not timely filed, however,

3

the court cannot determine whether excusable neglect exists and must disregard the late filing. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 896–97 (1990); *Sawyer*, 2014 WL 12531099, at *3.

When Plaintiffs requested an extension through Friday, August 9, 2019, they made some effort to show good cause for the extra time. Yet, they still failed to meet their own requested deadline, filing the deficient Pineda Declaration of August 10, 2019 without any effort to abide by Rules 6(b) or 16. As this Court has found, Plaintiffs' past conduct has prejudiced Defendants and previously resulted in sanctions (to which they have also failed to respond).[2] Enough is enough. The "Supplemental Declaration of Vick [sic] Pineda" (Doc. 82) should be stricken. Fed. R. Civ. P. 16(b)(4); 6(b)(1)(B).

### B. The Pineda Declaration Should Be Stricken or Disregarded Because It Fails to Comply with Federal Rule of Civil Procedure 56.

Even were that not the case, the Declaration itself fails to comply with Rule 56, which requires that affidavits set forth specific facts that would be admissible in evidence. Fed. R. Civ. P. 56(c)(4). "Conclusory allegations are insufficient to defeat a well-founded motion for summary judgment." *Ross v. City of Gatlinburg, Tenn.*, 327 F. Supp. 2d 834, 839 (E.D. Tenn. 2003). Here, paragraphs 3, 4, and 5 are legal conclusions that do not qualify under Rule 56(c). *Moore v. Weinstein Co., LLC*, No. 3:09-Cv-00166, 2012 WL 1884758 (M.D. Tenn. May 23, 2012). Paragraphs 6, 9, and 10 are general conclusions that merely echo the now-discredited pleadings and are insufficient under Rule 56. *Id*. Paragraph 11 is based on hearsay and is not appropriate under Rule 56. *Id*.

The only specific invoice identified is in paragraph 14, which relates to an entirely ***new*** invoice never before mentioned in this case. As the Court made clear in its prior Memorandum, the only live issues left in the case were the handful of invoices from the original complaint

---

[2] Defendants' filed their fee application on July 12, 2019 (Docs. 71-72). Plaintiffs have filed no response.

4

vouched for by the Second Pineda Declaration. (Doc. 69, 70). After twenty months of litigation, repeated discovery failures, sanctions, and partial summary judgment, it is well past time to inject new issues into the case. Under Rules 26(c) and 37(c), such undisclosed evidence is subject to exclusion. And, while Ms. Pineda concludes with the statement that, "On August 9, 2019, I provided information and supporting documentation to counsel for Pineda Transportation supporting the claims in this Declaration," she has not chosen to share this information with Defendants or the Court. (Doc. 69). This stands in stark contrast to the detailed, sworn testimony of Terra Dolby, tied to contemporaneous records, supporting the supplemental motion (Docs. 75, 75-1 to 75-5).

Further, the alleged breach in paragraph 14 is no breach at all. The contracts between Plaintiffs and Defendants state, "FleetOne will forward all invoices to the respective Customer," but specify no deadline to do so. (Contract § 3.3, Doc. No. 27-1, PageID# 234).[3] Defendants are free to purchase whichever of Plaintiffs' invoices they choose. (Contract § 3.1, Doc. No. 27-1, PageID# 234). In addition, Plaintiffs granted Defendants a security interest in all of their "existing and later acquired assets," including interests in any excluded accounts. (Contract § 4.1, Doc. No. 27-1, PageID# 235). Thus, Defendants could not have breached the contracts with Plaintiffs by declining to factor an invoice, by declining to "send a release" (paragraph 15) to a customer, or by applying funds it may have received against Plaintiffs' deeply negative reserve balance. (Reserve Account Reports, Doc. Nos. 75-1, 75-2). Thus, even if Plaintiffs' allegations were not conclusory, related to undisclosed new "evidence," and late, there is simply no evidence in Plaintiffs' affidavit showing any breach by Defendants.

---

[3] The contracts for Plaintiffs are identical. For ease of reference, Defendants refer only to the Pineda Investment Group, LLC contract.

### C. Plaintiffs' Affidavit Should Be Stricken or Disregarded Because it Fails to Comply with Local Rule 56.01.

Finally, the Supplemental Pineda Declaration of August 10, 2019, should be stricken or disregarded because it contradicts the brief filed the prior day and fails to comply with Local Rule LR56.01(c), which requires a specific, point-by-point response to a statement of undisputed material facts, with supporting citations to the record. Having admitted on Friday that *all* of the undisputed facts addressed by Defendants (Docs. 61, 74) are true, Ms. Pineda should not be allowed to turn around one day later and attempt to manufacture a disputed issue with a late-filed declaration featuring exactly zero citations to the record or evidence cognizable under Rule 56.

### III. Conclusion

For all of the foregoing reasons, Defendants FleetOne Factoring, LLC, and WEX Bank respectfully request that the Supplemental Declaration of Vicky Pineda filed August 10, 2019 (Doc. 82) be stricken from the record or disregarded and submit that Defendants Supplemental Motion for Summary Judgment (Doc. 73) should be granted.

Respectfully submitted,

*/s/ Gary C. Shockley*
Gary C. Shockley (BPR 10104)
Macy Climo (BPR 35083)
**BAKER, DONELSON, BEARMAN,
  CALDWELL & BERKOWITZ, P.C.**
211 Commerce Street, Suite 800
Nashville, TN 37201
(615)726-5600
gshockley@bakerdonelson.com
mclimo@bakerdonelson.com

*Attorneys for Defendants FleetOne Factoring, LLC & WEX Bank*

# CERTIFICATE OF SERVICE

I hereby certify that on August 16, 2019, I served the foregoing Defendants' Motion to Strike and Reply in Support of Defendants' Supplemental Motion for Summary Judgment on the following counsel of record via operation of the Court's ECF system:

>John Tennyson
>11205 Lebanon Road, Suite 214
>Mt. Juliet, TN 37122
>
>James Wiggington
>611 Commerce Street, Suite 2609
>Nashville, TN 37203

This 16th day of August, 2019.

>/s/ _Gary C. Shockley_
>Attorney