# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| PINEDA TRANSPORTATION, LLC, and PINEDA INVESTMENT GROUP, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> FLEETONE FACTORING, LLC, And WEX BANK, <br><br> Defendants. | Case No. 3:18-cv-00089 <br> Judge Aleta A. Trauger |

## MEMORANDUM

FleetOne Factoring, LLC ("FleetOne") and Wex Bank ("Wex") have filed an Application for Fees and Expenses (Docket No. 71), to which the Pineda Transportation, LLC and Pineda Investment Group, LLC (collectively, "Pineda") and have filed no response. FleetOne and Wex have also filed a Supplemental Motion for Summary Judgment (Docket No. 73), to which Pineda has filed a Response (Docket No. 81), and FleetOne and Wex have filed a Reply (Docket No. 83). For the reasons set out herein, both motions will be granted.

## I. BACKGROUND

Pineda is a trucking company. FleetOne and Wex are affiliated companies engaged in the business of factoring, a type of third-party collection of accounts receivable. Factoring, as the parties have described it, involves a company selling its invoices to a third party who immediately pays a percentage of the invoices and then invoices the company's customers and collects the funds. Each of the plaintiffs alleges that it had a contract with the defendants under which the defendants bought the plaintiffs' invoices for a percentage of their face value. The plaintiffs allege that the defendants failed to invoice the plaintiffs' customers, failed to pay out reserve amounts

collected on invoices to the plaintiffs, failed to process and post payments made by the plaintiffs' customers to the plaintiffs' accounts, and charged back invoices for amounts greater than were due. In the First Amended Complaint, Pineda alleged breach of contract (alternatively, breach of the duty of good faith and fair dealing) and fraud (alternatively, constructive fraud), and violations of civil RICO. (Docket No. 31.)

On March 15, 2018, Wex and FleetOne filed a Motion to Dismiss. (Docket No. 38.) On May 9, 2018, the court granted the motion in part and denied it in part, dismissing the plaintiffs' civil RICO claims and claims for declaratory relief, which left only Pineda's fraud and breach of contract claims pending. (Docket No. 44 at 1.) On June 13, 2018, the court entered an Initial Case Management Order ("ICMO"). (Docket No. 49.) The ICMO set a deadline of June 26, 2018, for the parties to exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) and a deadline of February 16, 2019 for the completion of all written discovery and depositions. (*Id.* at 2.)

The plaintiffs did not produce initial disclosures by the June 26 deadline. On July 15, 2018, counsel for the defendants sent counsel for the plaintiffs an e-mail requesting the disclosures. (Docket No. 57-1.) The defendants received no disclosures and, on August 2, 2018, counsel for the defendants sent counsel for the plaintiffs another e-mail, asking, this time, whether it would be necessary for the defendants to file a motion to compel the disclosures. (Docket No. 57-2.) The defendants received no response, and, on August 22, 2018, counsel for the defendants sent a letter, apparently transmitted via e-mail as a scanned document, demanding that the disclosures be made within the next two days, or else the defendants would be forced to file a motion to compel. (Docket No. 57-3.)

The plaintiffs eventually served the defendants with initial disclosures on September 5, 2018, before any motion to compel was filed. (Docket No. 57 ¶ 4.) The next day, counsel for the

defendants responded with a deficiency letter. (Docket No. 57-4.) The letter identified a number of ways in which the plaintiffs' disclosures were incomplete and required supplementation. Gary C. Shockley, one of the defendants' attorneys, filed a May 1, 2019 Declaration with this court stating that, as of that date, the defendants had received no response to the deficiency letter. (Docket No. 57 ¶ 5.)

On November 21, 2018, the defendants served their First Set of Interrogatories and First Request for Production of Documents on the plaintiffs. (Docket No. 57-5.) Counsel for the defendants sent follow-up communications on January 3, 2019 and March 5, 2019, seeking responses to the discovery requests and the deficiency letter. (Docket Nos. 57-6, -7.) Finally, on April 10, 2019, counsel for the defendants and counsel for the plaintiffs met in person. At the in-person meeting, the parties agreed that the plaintiffs would file their responses to the outstanding discovery requests on April 19, 2019, and the Rule 30(b)(6) depositions of the plaintiffs would be completed on May 6 and 7. (Docket No. 57 ¶ 9; Docket No. 58 ¶ 2.) On April 11, 2019, the parties filed a joint motion to extend the deadlines for completing discovery and filing dispositive motions, in light of the plaintiffs' failures to provide the required information and documents. (Docket No. 53.) The court granted the motion. (Docket No. 54.)

As the close of business on the April 19, 2019 deadline approached, the plaintiffs had not yet provided the promised responses. Shockley sent an e-mail inquiring about the status of the discovery to the plaintiffs' attorney, John Tennyson. Tennyson did not respond until April 22, 2019, when he sent a response e-mail, apologizing and explaining that he was still working with Pineda on the responses. (Docket No. 57-8.) As of the May 1, 2019 Shockley Declaration, the plaintiffs had still failed to provide the responses. (Docket No. 57 ¶ 9.) The plaintiffs had also failed to serve any interrogatories, requests for document production, requests for admissions, or

3

notices of deposition of their own, nor did the plaintiffs disclose any experts by their expert disclosure deadline in the ICMO. (Docket No. 57 ¶¶ 11–13.)

On April 26, 2019, the court held a discovery dispute telephone conference with the parties, as required by the ICMO before the defendants could file a motion to compel or for sanctions. (*See* Docket No. 49 at 2–3.) On May 1, 2019, FleetOne and Wex filed a motion seeking sanctions against the plaintiffs based on their failures to provide the required and agreed-to materials. (Docket No. 55.) FleetOne and Wex requested, first, that the plaintiffs' claims be dismissed. In the alternative, they requested that the court hold that the plaintiffs are precluded from relying on any evidence that would have been responsive to the discovery obligations that they violated. Finally, the defendants argued that, if the court did not dismiss the plaintiffs' claims or order preclusion of evidence, the court should at least compel the plaintiffs to produce the relevant materials immediately and award attorney's fees to FleetOne and Wex. On May 8, 2019, FleetOne and Wex filed a Supplemental Declaration from Shockley stating that, although the parties had agreed for Rule 30(b)(6) depositions to begin on May 6, 2019, no one from plaintiff's side had showed up to the agreed location on that date. After waiting thirty minutes, Shockley dismissed the court reporter and videographer. (Docket No. 58 ¶¶ 1–4.)

The plaintiffs filed a Response on May 15, 2019, along with Declarations by Tennyson and Tennyson's co-counsel, James Wiggington, offering various unconvincing explanations for their failure to cooperate with required discovery. (Docket Nos. 62–64.) On the same day, FleetOne and Wex filed a Motion for Summary Judgment. (Docket No. 59.) The plaintiffs filed a short, minimally responsive Response on June 5, 2019. (Docket No. 66.) The only evidence that the plaintiffs cited in support of their claims were two Declarations by the companies' principal, Guadalupe "Vicky" Pineda, filed in January and February of 2018. (Docket Nos. 6-1, 21

(hereinafter, "First Vicky Pineda Declaration" and "Second Vicky Pineda Declaration").) In the First Vicky Pineda Declaration, Ms. Pineda described, in general terms, what she believed was nonperformance by FleetOne and Wex under the parties' factoring contracts. Ms. Pineda, however, did not provide details of any particular accounts that would be sufficient to support a verdict in Pineda's favor. (Docket No. 6-1.). The Second Vicky Pineda Declaration consisted of a single paragraph, in which Ms. Pineda stated that, based on her personal information, knowledge, and belief, the facts in the original Complaint—which had since been superseded as the operative complaint in this case—were true and correct. (Docket No. 21.)

On June 24, 2019, the court filed a Memorandum and Order granting both motions in part and denying them both in part. (Docket Nos. 69–70.) The court granted summary judgment to the defendants with regard to all the plaintiffs' breach of contract claims that were addressed in the analysis of the defendants' expert, Terra Dolby, as well as all claims of fraud. Dolby convincingly explained why the behavior by FleetOne and Wex in the covered transactions had been legal and appropriate, propositions that Pineda did not meaningfully refute. In light of the plaintiffs' behavior in discovery and their minimally responsive pleading regarding summary judgment, the court probably could have granted summary judgment to FleetOne and Wex with regard to all of the plaintiffs' claims (or dismissed the claims as a discovery sanction), but, in the interests of justice, the court denied summary judgment with regard to transactions identified in the original Complaint and vouched for by the Second Vicky Pineda Declaration that the court was unable to identify as having been addressed by Dolby. The court, however, extended the dispositive motion deadline to allow the defendants to file another motion for summary judgment regarding those transactions. The court also granted to the defendants attorney's fees and costs related to their

attempts to enforce Pineda's discovery obligations and instructed the defendants to file documentation sufficient for an award of reasonable fees and costs. (Docket No. 69 at 14–15.)

On July 12, 2019, the defendants filed an Application for Attorney's Fees and Expenses, accompanied by documentation of the claimed fees and expenses. Altogether, they seek $11,044.35. (Docket No. 71 at 1.) On July 22, 2019, the defendants filed a Supplemental Motion for Summary Judgment, accompanied by additional documentation and analysis by Dolby. (Docket No. 73 at 2; Docket No. 75.) Pineda never responded to the Motion for Attorney's Fees and Expenses. On August 9, Pineda filed a four-page Response to the Supplemental Motion for Summary Judgment. (Docket No. 81.) In violation of the Local Rules, Pineda failed to file a separate response to the defendants' Supplemental Statement of Undisputed Material Facts. *See* L.R. 56.01(c). Pineda conceded, however, that none of the facts that the defendants asserted were disputed. (Docket No. 81 at 2.) The next day, August 10, 2019, Pineda filed a Supplemental Declaration of Vicky Pineda ("Third Vicky Pineda Declaration"), purporting to support its Response. (Docket No. 82.)

## II. LEGAL STANDARD

### A. Summary Judgment

Rule 56 requires the court to grant a motion for summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). If a moving defendant shows that there is no genuine issue of material fact as to at least one essential element of the plaintiff's claim, the burden shifts to the plaintiff to provide evidence beyond the pleadings, "set[ting] forth specific facts showing that there is a genuine issue for trial." *Moldowan v. City of Warren*, 578 F.3d 351, 374 (6th Cir. 2009); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). "In evaluating the evidence, the court

must draw all inferences in the light most favorable to the non-moving party." *Moldowan*, 578 F.3d at 374 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

At this stage, "'the judge's function is not . . . to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial.'" *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). But "[t]he mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient," and the party's proof must be more than "merely colorable." *Anderson*, 477 U.S. at 249, 252. An issue of fact is "genuine" only if a reasonable jury could find for the non-moving party. *Moldowan*, 578 F.3d at 374 (citing *Anderson*, 477 U.S. at 252).

### B. Attorney's Fees

The party seeking attorney's fees has two main obligations: (1) to provide the court with "evidence supporting the hours worked and rates claimed" and (2) to demonstrate that the requested fee award is "reasonable." *Perry v. AutoZone Stores, Inc.*, 624 F. App'x 370, 372 (6th Cir. 2015); *Lance Coal Corp. v. Caudill*, 655 F. App'x 261, 262 (6th Cir. 2016). The starting point for determining the reasonableness of a requested fee is the "lodestar" analysis, whereby the requested fee is compared with the amount generated by multiplying the number of hours reasonably worked on the litigation by a reasonable hourly rate. *Minor v. Comm'r of Soc. Sec.*, 826 F.3d 878, 881 (6th Cir. 2016). In determining whether a requested hourly rate is reasonable, the court looks to the "prevailing market rate in the relevant community" and considers the skill, experience, and reputation of the attorneys involved in the litigation. *Adcock–Ladd v. Sec'y of Treasury*, 227 F.3d 343, 350 (6th Cir. 2000). If the requested fee is essentially in line with the "lodestar," then there is a strong presumption that the requested fee is reasonable and recoverable. *Id.*

In addition to the lodestar analysis, the court should also consider any relevant "J*ohnson*" factors and whether some adjustment to the award is required under those factors. *See Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999) (citing *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)). Those factors are: (1) the time and labor required by a given case; (2) the novelty and difficulty of the questions presented; (3) the skill needed to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Id.* The Sixth Circuit has recognized that, often, these factors are naturally blended into the reasonableness analysis. *Paschal v. Flagstar Bank*, 297 F.3d 431, 435 (6th Cir. 2002).

### III. ANALYSIS

**A. Application for Attorney's Fees**

The defendants' Application for Attorney's Fees requests attorney and paralegal fees in the following amounts, based on the work by the personnel listed:

| Biller | Position | Rate | Hours | Total |
| --- | --- | --- | --- | --- |
| Gary C. Shockley (9/16/18) | Shareholder | $454.50/hour | 0.4 | $181.80 |
| Gary C. Shockley (all other dates) | Shareholder | $472.50/hour | 19.4 | $9,166.50 |
| Mary Climo | Associate | $225.00/hour | 4.5 | $1,012.50 |
| Lea Kroll | Paralegal | $220.50/hour | 3.1 | $683.55 |
| | | | | **$11,044.35** |

(Docket No. 72-1.) The defendants also seek $985 in court reporter and videographer expenses for the deposition that Pineda failed to attend, for a total of $12,029.35. (Docket No. 71 at 2.) The

8

defendants submitted a Declaration by Shockley, explaining the process of compiling the relevant billing information. (Docket No. 72.) Shockley states that the hourly rates charged "represent a market rate in Nashville and are well within the range of reasonable fees." (*Id.* ¶ 5.) Shockley also states that he believes that the hours billed represent a conservative figure, with at least some time spent on discovery-related tasks omitted. (*Id.* ¶ 7.) The Shockley Declaration is accompanied by a detailed log of time entries, including descriptions of tasks, as well as attorney biographies and relevant expense receipts. (Docket Nos. 72-1 to -3.)

Pineda failed to file any response to the defendants' Application for Attorney's Fees and Expenses. However, "[e]ven with an unopposed motion for attorney's fees, courts must . . . determine whether the requested fee is reasonable." *Justus v. Colvin*, No. 3:11-CV-148-PLR-CCS, 2014 WL 3051384, at *2 (E.D. Tenn. July 3, 2014) (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002)). The court, accordingly, must perform a *sua sponte* review of the hours and rates claimed.

The court finds the hours billed to be reasonable. In many situations, it would be questionable to bill so many more hours of a shareholder's time relative to an associate's, rather than leaving most tasks to the less expensive attorney. The court acknowledges, however, that an opposing party's intransigence in discovery is an obstacle that may require senior-level attention, in part to communicate the seriousness of the situation to opposing counsel. The total hours billed, moreover, are relatively low.

The rate requested for Shockley's work approaches the high end of rates typically approved in this court. However, Shockley's level of experience and the complexity of the business practices underlying this litigation justify a significant rate of compensation. The court therefore finds Shockley's rate to be reasonable. Climo's rate is reasonable as well.

However, Kroll's rate is significantly above what this court has typically approved as reasonable for paralegals, and the defendants have not justified so significant a departure. The court, accordingly, will reduce Kroll's rate to $120 per hour. The resulting approved fees are as follows:

| Biller | Position | Rate | Hours | Total |
|---|---|---|---|---|
| Gary C. Shockley (9/16/18) | Shareholder | $454.50/hour | 0.4 | $181.80 |
| Gary C. Shockley (all other dates) | Shareholder | $472.50/hour | 19.4 | $9,166.50 |
| Mary Climo | Associate | $225.00/hour | 4.5 | $1,012.50 |
| Lea Kroll | Paralegal | $120.00/hour | 3.1 | $372.00 |
| | | | | **$10,732.80** |

The court finds the $985 in costs requested to be reasonable and justified. The court, accordingly, will award the defendants $11,717.80 in attorney's fees and costs.

**B. Motion for Summary Judgment**

The defendants have filed a Supplemental Declaration of Terra Dolby, in which Dolby states that she "ha[s] reviewed the remaining invoices in Plaintiffs' original Complaint that were not addressed in [her] prior declaration." (Docket No. 75 ¶ 4.) Dolby then sets forth her conclusions regarding those transactions. Dolby's analysis of the remaining transactions is similar to her analysis of the transactions that she considered in her first Declaration; in short, Dolby concludes that the various discrepancies that Pineda alleged to have been improper either did not exist, reflected the defendants' appropriately crediting Pineda's funds against its liabilities, or were rectified in a timely manner. (*Id.* ¶¶ 5–26.) In conformance with the Local Rules, the defendants filed a Supplemental Statement of Undisputed Material Facts, incorporating Dolby's conclusions, in support of its motion. (Docket No. 74.) Pineda has conceded those facts and, by extension, Dolby's conclusions. (Docket No. 81 at 2.)

In its Response, Pineda states, in a conclusory fashion, that "[t]he Amended Complaint, and allegations contained therein, and discovery materials provided to the Defendants support Plaintiffs' claims of breach of contract." (Docket No. 81 at 2.) Pineda also claims, in the Response, to be "currently in the process of reviewing" a "substantial amount of documentation" that, Pineda assures the court, will "align with the Plaintiffs' allegations." (*Id.*) Pineda then generally reiterates its allegations against the defendants, which the defendants have devoted a substantial amount of briefing—and, no doubt, a substantial amount of resources—to persuasively refuting in detail. (*Id.* at 3.) Finally, Pineda closes its argument as follows:

> Moreover, if this Court decides that the Defendants have provided enough to shift the burden on the breach of contract claim for the purposes of summary judgment, the Plaintiffs will provide evidence beyond the pleadings setting forth specific facts showing that there is a genuine issue for trial in their forthcoming filings. In the present case, there is a genuine issue for trial: whether the Defendants breached their agreements with the Plaintiffs by failing to invoice the customers of the Plaintiffs. Ms. Pineda is filing an additional declaration with this Court on August 10, 2019, which counsel for the Defendants anticipates will contain allegations sufficient to show genuine issues of material fact.

(*Id.*)

The Third Vicky Pineda Declaration, however, provides Pineda no help, because Pineda failed to properly raise the allegations in the Declaration as grounds for denying to the defendants' motion. Other than Ms. Pineda's vague repetition of the plaintiffs' original claims, the Third Vicky Pineda Declaration adds only one allegation, a cursory description of the alleged mishandling of a single invoice. That allegation was not one of the ones previously raised or addressed, at any point, by either party. A plaintiff seeking to defeat a motion for summary judgment based on a fact that is not included in the movant's statement of undisputed facts must either (1) cite to the additional fact as part of its response to the statement of undisputed facts or (2) file its own statement of additional undisputed facts. L.R. 56.01(c). Pineda did neither. That additional invoice, therefore, is not appropriately before the court. Even if Pineda had appropriately cited the invoice, moreover,

11

it would need more than Ms. Pineda's conclusory and self-serving account in order to support a claim based on that invoice, particularly in the face of the defendants' detailed explanation of how Pineda has misunderstood every other situation raised so far.

Moreover, insofar as Pineda is promising some further future support of its claims in addition to the Third Vicky Pineda Declaration, Pineda has misunderstood its burden. A plaintiff's response to a motion for summary judgment cannot be just a promise to respond adequately later. The time to "set forth specific facts showing that there is a genuine issue for trial," *Moldowan*, 578 F.3d at 374, was contemporaneously with the response. Pineda, moreover, has already been granted significantly more leeway than it was actually entitled to in responding to the defendants' arguments. A party can only keep litigation going for so long based on promises that its case will come together tomorrow, particularly where any delays have been the fault of that party in the first place. The court will grant the defendants summary judgment in full.

## IV. CONCLUSION

For the foregoing reasons, the defendants' Application for Fees and Expenses (Docket No. 71) and Supplemental Motion for Summary Judgment (Docket No. 73) will be granted.

An appropriate order will enter.

ALETA A. TRAUGER
United States District Judge