IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| PINEDA TRANSPORTATION, LLC and ) | |
| PINEDA INVESTMENT GROUP, LLC ) | |
| ) | |
| v. ) | Case No. 3:18-cv-00089 |
| ) | |
| FLEETONE FACTORING, LCC and ) | |
| WEX BANK ) | |

TO:  Honorable Aleta A. Trauger, United States District Judge

### REPORT AND RECOMMENDATION[1]

On January 19, 2022, Guadulupe V. Pineda filed papers ostensibly on behalf of Plaintiff Pineda Transportation, LLC requesting various relief (Docket No. 90) and which Judge Trauger construed as a motion to reopen this case. *See* Order at Docket No. 92. On that same date, Christian Pineda also filed papers ostensibly on behalf of Plaintiff Pineda Investment Group, LLC requesting various relief (Docket No. 91) and which Judge Trauger also construed as a motion to reopen this case. *See* Order at Docket No. 92. The filings were referred to the undersigned Magistrate Judge for disposition. *Id*.

Because the filings were by individuals who do not purport to be licensed attorneys on behalf of corporate entities, the filings are fatally defective and the undersigned therefore respectfully recommends that the motions be denied.[2]

---

[1] The authority of the undersigned Magistrate Judge is limited to report and recommendation because the subject motions are not pretrial matters within the scope of 28 U.S.C. § 636(b)(1)(A). *See also Massey v. City of Ferndale*, 7 F.3d 506, 510 (6th Cir. 1993).

[2] The time for response to the motions has not yet expired under Local Rule 7.01(a)(3). Nevertheless, because of the fatal defect that the LLC plaintiffs cannot appear in federal court except through a licensed attorney, the Court finds no need to wait for a response and instead elects to exercise its discretion to act on the motions before expiration of the time for response. *See* Local Rule 7.01(b).

It is well settled that a corporation cannot appear in federal court except through an attorney. *S.E.C. v Merklinger*, 489 F. App'x 937, 939-40 (6th Cir. 2012) (citations omitted). *See also Rowland v California Men's Colony, Unit II men's Advisory Council*, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better of two centuries … that a corporation may appear in the federal courts only through licensed counsel.") (citations omitted). For purposes of proceeding in federal court there effectively "is no difference between a corporation and a limited liability company, or indeed between either and a partnership," and "the right to conduct business in a form that confers privileges, such as the limited personal liability of the owners for tort or contract claims against the business, carries with it obligations, one of which is to hire a lawyer if you want to sue or defend on behalf of the entity." *Harmer v. Colom*, No. 3:13-00286, 2014 WL 993319, at *1 (M.D. Tenn. March 13, 2014) (quoting *United States v. Hagerman*, 545 F.3d 579, 581-82 (7th Cir. 2008)). Therefore, limited liability companies – such as Pineda Transportation, LLC and Pineda Investment Group, LLC here – "cannot appear except through counsel." *Id*. (quoting *City of New York v. Mickalis Pawn Shop, LLC*, 645 F3d. 114, 132 (2nd Cir. 2011)); *see also Hooper-Haas v. Ziegler Holdings, LLC*, 690 F.3d 34, 39 n.3 (1st Cir. 2012) ("a limited liability company, as a matter of law, act *pro se*"); *Roscoe v. United States*, 134 Fed.App'x 226, 227 (10th Cir. 2005) (same); *Collier v. Greenbrier Develop., LLC*, 358 S.W.3d 195, 200 (Tenn. Ct. App. 2009 )("a limited liability company has an existence separate from its members and managers [and] may only appear in court through counsel") (internal citation omitted).

Because no attorney has entered an appearance for Pineda Transportation, LLC or Pineda Investment Group, LLC, and the motions were filed by individual owners on behalf of the LLCs, the motions are not properly before the Court and must therefore be denied. This denial is without

2

prejudice for Pineda Transportation, LLC and Pineda Investment Group, LLC to retain counsel to appear on their behalf and seek appropriate relief.

## RECOMMENDATION

For the foregoing reasons, it is respectfully RECOMMENDED that the motions filed by Guadalupe V. Pineda and Christian Pineda be denied without prejudice for Pineda Transportation, LLC and Pineda Investment Group, LLC to retain counsel to appear on their behalf and seek appropriate relief.

The Clerk is directed to send a copy of this Report and Recommendation to Guadalupe V. Pineda and to Christian Pineda at the addresses in their respective transmittals.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

Respectfully submitted

_____
BARBARA D. HOLMES
United States Magistrate Judge

3